| | |
|---|---|
| HENRY WILLIAM EASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0122-TWP-DML |
| | ) |
| CLARK COUNTY JAIL, C/O BILLINGSLEY, | ) |
| LT. KEATING, CPT. BOLEY, CPT. NUTTER, | ) |
| DETECTIVE SNELLING, | ) |
| | ) |
| Defendants. | ) |

## Entry Screening Complaint, Dismissing Insufficient Claims and Directing Further Proceedings

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis [dkt. 2], motion for counsel [dkt. 3] and for Screening. The Court will address each matter in turn.

### I. *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis*, [dkt. 2], is **granted**. The assessment of even a partial filing fee is not feasible at this time.

### II. Motion For Counsel

The plaintiff's motion to appoint counsel, [dkt. 3], is **denied as premature.** The complaint has not been screened and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

### III. Screening

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Mr. Easley is a pretrial detainee at the Clark County, Indiana jail. His claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial

step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Mr. Easley sues the Clark County Jail, the Sheriff of Clark County and others pursuant to 42 U.S.C. § 1983 for alleged violations of his federally secured rights while the plaintiff was confined in the Clark County Jail. This implicates the Eighth Amendment. Because Mr. Easley was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish,* 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services,* 675 F.3d 650, 664 (7th Cir. 2012).

Here, Mr. Easley alleges a mold and rodent infestation throughout the jail that has resulted in him sleeping on the floor and no shower curtains in the showers, problems with the mail delivery and the mail being delivered opened, and a denial of his request for a hair-cut. He also alleges that he needed emergency medical attention but was made to wait two to three days for care. He grieved these issues within the jail grievance system and Cpt. Boley responded the jail would be sprayed for the infestation problem. Lt. Keating responded that the delay in receiving and sending mail was the fault of the United State Post Office. Cpt. Nutter responded to Mr. Easley's grievance regarding the denial of his request for a hair-cut stating the hair clippers were broken. Cpt. Nutter also told

Mr. Easley that the jail would be cleaned properly. Detective Snelling threatened Mr. Easley with solitary confinement.

### IV. Insufficient Claims

"Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . Monell's rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

The claims against Sheriff Billingsley, Lt. Keating, Cpt. Boley, and Cpt. Nutter are dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant . . . the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). The only allegation against Sheriff Billingsley is that she responded to Mr. Easley's complaint with the remark, "you[r] in jail." Similarly, Lt. Keating, Cpt. Nutter, and Cpt. Boley only responded to Mr. Easley's grievances. He does not allege they were responsible for any alleged constitutional deprivations. As such, any claims against Sheriff Billingsley, Lt. Keating, Cpt. Boley, and Cpt. Nutter are **dismissed for failure to state a claim and they are dismissed as defendants from this action.**

Mr. Easley has also named the Clark County Jail. The Clark County Jail is not a suable entity. It is **dismissed** as a defendant from this action. *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997) (Indiana municipal police departments are not suable entities); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014) (police department not suable); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity); *Beiler v. Jay County Sheriff's Office*, No. 1:11–CV–380, 2012 WL 2880563, at *2 (N.D. Ind. July 13, 2012) (sheriff's department not suable).

Finally, Mr. Easley's allegations against Detective Snelling are understood to be a claim of retaliation. To state a claim for retaliation, Mr. Easley needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendant(s) retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). Permissible conduct can become impermissible when done for retaliatory reasons. *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation of retaliation). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "Conversely, alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Here, Mr. Easley only states that Detective Snelling retaliated against him. This is conclusory and does not set forth any facts from which the Court could infer that Detective Snelling retaliated against him for engaging in conduct protected by the First Amendment.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## V.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through August 14, 2017,** in which **to file an amended complaint** with specific facts**.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 4:17-cv-122-TWP-DML and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 7/13/2017

_(signature)_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HENRY WILLIAM EASLEY
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130