**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| HENRY WILLIAM EASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0122-TWP-DML |
| | ) |
| DETECTIVE SNELLING, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims and**
**Directing Further Proceedings**

**I. Screening**

Mr. Easley has filed an amended complaint in accordance with the Court's Entry dated

July 13, 2017. The amended complaint is now subject to the screening requirement of 28 U.S.C. §

1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint

which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the

notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must

provide a "short and plain statement of the claim showing that the pleader is entitled to relief,"

which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also*

*Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is

rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or

opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Mr. Easley's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Mr. Easley sues Detective Snelling, Chief Jones, Director Connelly, Major Beard and Captain Flemming pursuant to 42 U.S.C. § 1983 for alleged violations of his federally secured rights while the plaintiff was confined in the Clark County Jail. This implicates the Eighth Amendment. Because Mr. Easley was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given

that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012).

Here, Mr. Easley alleges a mold and rodent infestation throughout the jail that has resulted in him sleeping on the floor and no shower curtains in the showers, problems with the mail delivery and the mail being delivered opened, and a denial of his request for a hair-cut. After complaining about the conditions, Detective Snelling threatened Mr. Easley with solitary confinement.

## II. Insufficient Claims

"Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . Monell's rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Here, claims against Chief Jones, Director Connelly, Major Beard and Captain Flemming are dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant . . . the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). He does not allege these

defendants were responsible for any alleged constitutional deprivations. As such, any claims against Chief Jones, Director Connelly, Major Beard and Captain Flemming are **dismissed for failure to state a claim and they are dismissed as defendants from this action.**

### III. Claims that May Proceed

Finally, Mr. Easley's allegations against Detective Snelling are understood to be a claim of retaliation. To state a claim for retaliation, Mr. Easley needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendant(s) retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). Permissible conduct can become impermissible when done for retaliatory reasons. *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation of retaliation). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "Conversely, alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Here, Mr. Easley states that he complained about the jail conditions to Detective Snelling and Detective Snelling told him if he did not shut up he would be taken to lock down and the other detainees would be given his property. This is sufficient to set forth a claim for retaliation for engaging in conduct protected by the First Amendment.

### IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Detective Snelling in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 20, 2017, [dkt. 6], applicable forms (Notice of Lawsuit and Request for

Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to update the docket to reflect that Detective Snelling is the sole defendant in this action.

**IT IS SO ORDERED.**

Date: 7/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM HENRY EASLEY
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Detective Snelling
Clark County Jail
201 E. Court Ave, Suite 159
Jeffersonville, IN 47130